**SILBERBLATT v. FORCEY et al.**
No. 2943.

District Court, W. D. Pennsylvania.
Oct. 19, 1934.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for plaintiff.

Liveright & Smith, of Clearfield, Pa., for defendants.

McVICAR, District Judge.

The question for the court's determination is whether the two mortgages executed and delivered by Henry Boardman Powell to the trustee of the estate of Thomas H. Forcey December 18, 1933, in pursuance of decrees of the orphans' court of Clearfield county, Pa., made in October, November, and December of 1933, are valid as against the trustee in bankruptcy of said Powell— bankruptcy proceedings having been instituted December 1, 1933, and he having been adjudged a bankrupt December 21, 1933.

The purpose of the Bankruptcy Act (11 USCA) is to place the property of the bankrupt wherever found under the control of the court for equal distribution among the bankrupt's creditors. Straton v. New, 283 U. S. 318, 320, 51 S. Ct. 465, 75 L. Ed. 1060. Section 70a (5) of the Bankruptcy Act, 11 USCA § 110 (a) (5), provides that the trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt. Our Supreme Court has stated that the title to the bankrupt's property, upon adjudication, vests in the trustee as of the date of the filing of the petition in bankruptcy. Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 606, 77 L. Ed. 1243, 90 A. L. R. 1215; Isaacs v. Hobbs, etc., Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. The jurisdiction of the bankruptcy court over the property of the bankrupt from the date of the filing of the petition in bankruptcy is exclusive and paramount to that of all other courts. Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 606, 77 L. Ed. 1243, 90 A. L. R. 1215; Ex parte Baldwin, 291 U. S. 610, 54 S. Ct. 551, 553, 78 L. Ed. 1020; Straton v. New, supra, and Isaacs v. Hobbs, etc., Co., supra.

In Gross v. Irving Trust Co., supra, it is stated:

"The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645, and cases cited. Such jurisdiction having attached, control of the administration of the estate cannot be surrendered even by the court itself. Isaacs v. Hobbs Tie & T. Co., 282 U. S. [734] 739, 51 S. Ct. 270, 75 L. Ed. 645. 'The filing of the petition is a caveat to all the world and in effect an attachment and injunction.' May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 459, 69 L. Ed. 870, and citations. And see generally Moore v. Scott (C. C. A.) 55 F.(2d) 863; In re Diamond's Estate (C. C. A.) 259 F. 70.

"The fact that the jurisdiction of the bankruptcy court is paramount effectually distinguishes that class of cases which hold that as between courts of concurrent jurisdiction property already in the hands of a receiver of one of them cannot rightfully be taken from him without the court's consent by a receiver subsequently appointed by the other court. In Buck v. Colbath, 3 Wall. 334, 341, 18 L. Ed. 257, the rule is stated to be that 'whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has

first taken possession, *or some superior jurisdiction in the premises.'* And see Covell v. Heyman, 111 U. S. 176, 180, 4 S. Ct. 355, 28 L. Ed. 390. The present case falls within the italicized exception, since the jurisdiction of the bankruptcy court is paramount and not concurrent."

■ To permit the mortgages to the Forcey estate to stand as legal obligations against the bankrupt's estate would prevent that equal distribution among creditors which is the general purpose of the Bankruptcy Act. It would also give this creditor a greater percentage of his debt than other creditors in the same class. Upon the filing of the petition in bankruptcy December 1, 1933, this court acquired exclusive and paramount jurisdiction over the estate of the bankrupt. He, therefore, did not have power December 18, 1933, to execute the mortgages which he executed to the Forcey estate. Upon application for an injunction to restrain the execution of such mortgages, no doubt such a decree would have been made. It follows, therefore, that the trustee in bankruptcy is entitled to said property free from liens of said mortgages and that said mortgages are null and void.

Let a decree be prepared and submitted in accordance with the foregoing findings of fact and conclusions of law and this opinion.