GROSS ET AL. *v.* IRVING TRUST CO., TRUSTEE IN
BANKRUPTCY *

No. 680. Argued April 12, 1933.—Decided May 8, 1933

*Mr. Merritt Lane* for petitioners.

*Mr. Samuel Kaufman,* with whom *Messrs. Nathan
Bilder* and *Arthur Leonard Ross* were on the brief, for
respondent

MR. JUSTICE SUTHERLAND delivered the opinion of the
Court.

October 13, 1931, the Court of Chancery of New Jersey,
upon a bill of complaint previously filed, appointed re-
ceivers for Crosby Stores, Inc. The receivers took posses-
sion of the assets located in New Jersey and operated the
business. On October 14, 1931, an involuntary petition
in bankruptcy against the corporation was filed in the fed-
eral district court for the Southern District of New York,
and the Irving Trust Company was appointed receiver in
bankruptcy by that court. The corporation was ad-

---

* Together with No. 681, *Weisman et al., Receivers,* v. *Irving Trust
Co., Trustee,* and No. 682, *Gross et al.* v. *Irving Trust Co., Trustee.*

judged a bankrupt, and the trust company was continued as trustee in bankruptcy and later sold all the assets of the bankrupt, including those which had passed into the hands of the New Jersey receivers. On December 11, 1931, the federal district court ordered the New Jersey receivers to show cause (rule made absolute December 14) why they should not turn over all the assets to the trustee in bankruptcy and account to the federal court. On December 14 the state chancery court made allowances to its receivers and their counsel in sums aggregating $10,350. Subsequently (December 21, 1931), the federal district court enjoined the receivers from interfering with the trustee and from disposing of the moneys paid to them as allowances under the order of the state chancery court.

The trustee then filed its petition in the federal district court, sitting as a court in bankruptcy, averring that the payments to the receivers were void as in violation of the bankruptcy act, and that application must be made to the bankruptcy court for allowances of compensation for any services rendered by the receivers and their counsel inuring to the benefit of the bankrupt's estate. An appropriate order was asked against the receivers and their counsel and was granted by the federal district court, and affirmed by the circuit court of appeals. 61 F. (2d) 812. This court granted certiorari.

The sole question presented for our determination is: Did the state chancery court have the power to fix the compensation of its receivers and their counsel after bankruptcy had supervened within four months of the filing of the bill of complaint in, and the appointment of receivers by, that court? *

---

* The decision of the circuit court of appeals is assailed as erroneous upon the further ground that that court held that the district court had power to proceed in a summary proceeding in bankruptcy, although the receivers and their counsel were adverse claimants. We do not consider this contention, because it appears from the record that the point was abandoned in the district court.

The state courts of New Jersey have steadily held in the affirmative, and that view is not without support. We deem it unnecessary, however, to review these decisions. They are not in harmony with the views expressed by this court or with other decisions, which, in our opinion, state the true rule.

Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated, vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. *Isaacs* v. *Hobbs Tie & T. Co.*, 282 U.S. 734, 737, and cases cited. Such jurisdiction having attached, control of the administration of the estate cannot be surrendered even by the court itself. *Id.*, 739. " The filing of the petition is a caveat to all the world and in fact an attachment and an injunction." *May* v. *Henderson*, 268 U.S. 111, 117, and citations. And see generally *Moore* v. *Scott*, 55 F. (2d) 863; *In re Diamond's Estate*, 259 Fed. 70.

The fact that the jurisdiction of the bankruptcy court is paramount effectually distinguishes that class of cases which hold that as between courts of *concurrent* jurisdiction property already in the hands of a receiver of one of them cannot rightfully be taken from him without that court's consent by a receiver subsequently appointed by the other court. In *Buck* v. *Colbath*, 3 Wall. 334, 341, the rule is stated to be that " whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, *or some superior jurisdiction in the premises.*"

And see *Covell* v. *Heyman,* 111 U.S. 176, 180. The present case falls within the italicized exception, since the jurisdiction of the bankruptcy court is paramount and not concurrent.

Nevertheless, due regard for comity—which means, in this connection, no more than judicial courtesy between the courts undertaking to deal with the same matter— would suggest that ordinarily the trustee in bankruptcy might well be instructed by the bankruptcy court, before taking final action, to request the state court to recognize the exclusive jurisdiction of the former and set aside any orders already made conflicting therewith, as was done with good results in the case of *In re Diamond's Estate, supra,* pp. 72, 75. In the present case, however, such a course would probably have been futile, in view of the fixed attitude of the state courts on the subject.

The jurisdiction of the bankruptcy court being paramount, the power of the state court to fix the compensation of its receivers and the fees of their counsel necessarily came to an end with the supervening bankruptcy. When the bankruptcy court acquired jurisdiction, the sole power to fix such compensation and fees passed to that court. *In re Diamond's Estate, supra,* 74; *Moore* v. *Scott, supra; Silberberg* v. *Ray Chain Stores,* 54 F. (2d) 650, affirmed, 58 F. (2d) 766. We adopt, as stating the correct rule, the language used in *Lion Bonding Co.* v. *Karatz,* 262 U.S. 640, 642, although it was not strictly necessary to that decision: "Even where the court which appoints a receiver had jurisdiction at the time, but loses it, as upon supervening bankruptcy, the first court cannot thereafter make an allowance for his expenses and compensation. He must apply to the bankruptcy court." See authorities cited in the footnote following this statement.

*Affirmed.*