D. RICHARD WEISS, complainant,

*v.*

CENTRAL CAFETERIA, a corporation, defendant.

[Submitted October term, 1933.   Decided February 2d, 1934.]

*Messrs. Bilder, Bilder & Kaufman (Mr. Walter J. Bilder),* for the appellant.

*Mr. Barney Larkey,* for the complainant.

*Mr. Milton M. Unger,* for the receiver.

The opinion of the court was delivered by

BODINE, J.

The appeal is from an award of allowances to a receiver and his counsel in an insolvency proceeding. The awards were improperly made. The petition for allowance shows that subsequent to the appointment of the receiver in the state court the defendant was adjudged a bankrupt. A trustee in bankruptcy was duly appointed. The supreme court of the United States recently held in *Gross* v. *Irving Trust Co., 289 U. S. 342:* "Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated,

vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. * * * 'Even where the court which appoints a receiver had jurisdiction at the time, but loses it, as upon supervening bankruptcy, the first court cannot thereafter make an allowance * * * [to the receiver or his counsel] for expenses and compensation.' " This point was not argued before us, but is dispositive of the entire matter, if bankruptcy supervened within four months of filing the bill of complaint. It is not clear from the record when bankruptcy occurred. However, the court of chancery, even though there was no adjudication in bankruptcy within the four-months period, had no power to direct Michael to make payment of moneys for litigation which he did not initiate and which was hostile and not beneficial to his interests.

The defendant carried on a restaurant business. The appellant Michael held a chattel mortgage in the sum of $19,000 covering the entire property, excepting certain items covered by other chattel mortgages or conditional sales agreements. The chancery receiver sought to make a sale of the property covered by appellant's mortgage for the sum of $2,500, the sale to be free and clear; the lien, if any, to attach to the proceeds of sale. The court in ordering the sale directed: "That if Samuel Michael shall be the highest bidder at said public sale, he shall not be obliged to pay to the receiver any more than $2,500 in cash on account of his bid, and that he may give to the receiver a good and sufficient bond to be approved as to form and surety by this court, conditioned for the payment of the balance of his bid, if and when the validity of his chattel mortgage shall hereafter be determined, and upon such determination, the said Samuel Michael shall have the right to deduct from the balance due on his bid the amount so found to be due, if anything, upon his said chattel mortgage."

Michael became the purchaser, paid $2,500 and gave the bond called for in the order. On hearing, the chattel mort-

gage was held valid. Nevertheless, the court—the receiver being possessed of a fund insufficient to pay allowances made to him and his counsel—directed Michael to pay a large sum of money in order that the receiver of a dry trust and his counsel might be compensated. The court of chancery lacked power to exact such payment.

We suppose that the amount bid by Michael at the sale was regarded as a fund in the custody of the court. That view might perhaps be tenable as to the funds paid to the receiver, but certainly not so far as the bond for the balance was concerned, because by the order of the court directing the sale Michael had the prior right to deduct from his bid the balance due upon his mortgage, which far exceeded the amount of the bid.

The order before us bears date October 2d, 1931, but notwithstanding the appeal taken October 9th, the court on October 10th, 1931, entered an order not only obligating the receiver to cancel the bond given by Michael but also directing the restoration to him of the money paid at the receiver's sale. The amount so ordered repaid exceeds the fund in the custody of the court. This order, if intended as a rescission of the earlier order, was ineffective because an appeal was pending. If intended to clarify the order of sale under which Michael became the purchaser it is apparent that no *res* as such ever came into the hands of the receiver. It seems to us apparent that the cash paid by Michael and the bond given by him were both subject to return in the event that his mortgage should prove valid and more was due thereon than the amount bid. This, at all events, was the view expressed in the somewhat tardy order entered in the court below.

At all events, we regard the order appealed from as improper because there was no equity in directing the appellant to bear the expenses of this receivership. The allowance cannot be upheld on the theory that the encumbrancer had any advantage from the receivership. In fact he did not, but was obliged to forego, for a long time, the use of his own money in order that he might not be deprived of his property at a forced sale for an inadequate price.

The order appealed from will, therefore, be reversed.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For modification*—LLOYD, J. 1.