**In re HERCULES GASOLINE CO.**

**LAUGHARN v. PAULEY.**

No. 7421.

Circuit Court of Appeals, Ninth Circuit.

April 11, 1935.

Raphael Dechter, of Los Angeles, Cal., for appellant.

Joseph P. Loeb, Walter S. Hilborn, and Herman F. Selvin, all of Los Angeles, Cal. (Loeb, Walker & Loeb, of Los Angeles, Cal., of counsel), for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order in bankruptcy dated February 23, 1934, which was made by the District Judge on petition to review the order of the referee in bankruptcy, settling the accounts of E. L. Pauley as receiver in an action brought by the Lion Match Company against the Hercules Gasoline Company. In the order settling the account of E. L. Pauley as receiver, the referee had fixed the compensation of the receiver in the action in equity at $7,500. The receiver had claimed $9,800 as his compensation, that amount having been fixed in the action in equity as his just compensation. The referee ordered the return of the difference, $2,300, and directed that upon the return of said sum the receiver be discharged as equity receiver and his bond exonerated. The trial judge, after hearing the matter on petition for review, found that the original sum allowed by the court in the equity proceedings was a reasonable compensation and fixed that amount as compensation for services as such receiver directing that he be allowed to retain the sum of $2,300 and that he be discharged as such receiver and his bond exonerated.

The appellee moved to dismiss the appeal on the ground that the order was made in a proceeding in bankruptcy and not a controversy and that, for that reason, the allowance of the appeal by the District Judge was ineffective because it should have been allowed by this court. We will proceed to a consideration of the motion to dismiss..

The bill in equity was filed in the District Court of the United States for the Southern District of California, the same court in which bankruptcy proceedings are now pending. The order appointing E. L. Pauley as receiver in the proceedings in equity was made July 11, 1931. On November 6, 1931, an involuntary petition in bankruptcy was filed, and on February 27, 1932, the Hercules Gasoline Company, Limited, was adjudicated a bankrupt. Prior to the adjudication and after the filing of the petition in bankruptcy on February 12, 1932, an order was entered in the proceeding in equity fixing the compensation of the receiver at $7,000 up to February 11, 1932, and at $100 per week thereafter. On February 25th the allowance was increased to $9500, and in pursuance of the order fixing his compensation at $100 per week after February 11, 1932, the receiver claimed an additional $300 for the sixteen days intervening between the date of the order of February 11th and the adjudication in bankruptcy February 27th. These claims are carried into the final account filed by the receiver in the proceeding in equity, and on May 23, 1932, the court, in the equity proceedings, approved the account, discharged the receiver, and exonerated his sureties. Thereafter, the trustee in bankruptcy secured an order directing the receiver in the equity proceeding to appear and show cause why he should not surrender to the trustee the moneys paid to him as fees under the order of the equity court. This was in accordance with our decision in Moore v. Scott, 55 F.(2d) 863, rendered January 25, 1932. In pursuance of that order the receiver appeared, and on April 4, 1933, the referee made an order requiring the receiver in the equity proceeding to file his account and report in the bankruptcy court together with his application for fees, and further directed that the attorneys file their application with the referee for fees for services rendered by them as attorneys for the receiver in the equity proceeding. This order was based upon the holding that the equity court was without jurisdiction to settle the account or fix the fees after the filing of the petition for the adjudication of bankruptcy, and that the order made by that court attempting so to do was void. In addition to the direction that the receiver file his accounts, it was determined that the "trustee in bankruptcy herein is the owner of the sum of $9500 heretofore paid to the equity receiver for fees, and the owner of the sum of $10,000 heretofore paid to Messrs. Loeb, Walker & Loeb, for fees as attorneys for the equity receiver, and that the trustee in bankruptcy herein is entitled to the return of the same, unless an allowance be made by the above court to such equity receiver and to said attorneys for the equity receiver." The receiver and his attorneys filed an application to review this order of the referee, and on June 2, 1933 the trial judge after stating at length his reasons for the conclusion at which he arrived, and citing in support thereof Gross et al. v. Irving Trust Co., 289 U. S. 342, 53 S. Ct.

605, 77 L. Ed. 1243, 90 A. L. R. 1215, decided by the Supreme Court May 8, 1933, made the following order:

"The equity court was without power to confirm acts of the receiver done subsequent to the filing of the bankruptcy petition and the receiver found in custody of the assets of the estate is accountable to the bankruptcy court as to all charges incurred against such assets after the event mentioned. He, as custodian, is not accountable as to charges incurred under orders of the equity court prior to the filing of the petition in bankruptcy. The compensation of the receiver and his counsel, not paid before the event mentioned, cannot be fixed by the equity court, but must be adjusted under claim for reasonable value as for the preservation of the assets by the bankruptcy court.

"The order of the referee, as brought here for review, is confirmed in so far as it is consistent with the conclusions hereinabove expressed. It is in its other provisions disaffirmed."

The receiver petitioned this court for the allowance of an appeal from this order and that petition was denied. Thereafter, in pursuance of the order the receiver filed his account with the bankruptcy court claiming credit for disbursements aggregating $242,970.68, claiming an allowance for the amount of $10,000 attorney fees and $9,800 receiver fees. The above-mentioned order of the District Court settling this account is appealed from in so far as it fixed the reasonable allowance to E. L. Pauley for his services as such equity receiver at $9,800, and provided that E. L. Pauley was entitled to retain the sum of $2,300 which had been ordered by the referee to be turned over to the trustee in bankruptcy.

■ In view of the decision by this court in Moore v. Scott, supra, and the Supreme Court in Gross v. Irving Trust Co., supra, the appellees do not question the right of the trial court to fix the fees of the receiver and his attorneys, so there is no dispute upon the question of jurisdiction. We have here a situation in which the trustee compelled the receiver to account to the bankruptcy court for the funds in his hands as such receiver. While the bankruptcy court has jurisdiction over the matter, it is essentially an adversary proceeding for an accounting. It is entirely immaterial whether or not the account is voluntarily made or is compelled. In either event we have a situation where the receiver, although acknowledging that the property in his possession belongs to the bankrupt and that the bankruptcy court has jurisdiction thereover, claims an allowance for expenditures in, and for fees due for, handling the property of the bankrupt.

We conclude that the jurisdiction of the bankruptcy court thus invoked is jurisdiction over a controversy analogous to an equitable action for an accounting. See Randolph & Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; In re Chase (C. C. A.) 124 F. 753; In re Levitt (D. C.) 126 F. 889.

We need not consider whether or not an appeal lay from the order directing the accounting nor the effect of failure to appeal therefrom. If the proceeding for the accounting was in the nature of a controversy as distinguished from a proceeding in bankruptcy, then the final order settling the account would be the settlement of the controversy in the bankruptcy from which an appeal would lie to this court upon being allowed by the District Court. The cases cited by the appellee and other cases which we have found dealing with the allowance of attorney fees and receiver fees to the attorneys and receivers in the bankruptcy court have no application. These allowances are clearly in proceedings in bankruptcy as distinguished from controversies in bankruptcy. But where the questions raised relate to the accounts of the receiver in the action in equity, and the power of that court to settle the receiver's accounts has devolved upon the court in bankruptcy, the order made therein is one determining the relative rights of the receiver and of the trustee growing out of the expenditures made and the obligations incurred by the receiver while acting under the authority of the equity court. Although both receiver and trustee recognize that the property in the hands of the receiver belonged to the bankrupt and that the residuum still belongs to the bankrupt and that the bankruptcy court has jurisdiction to determine the accounts and allowances of the receiver, and although the only item of expenditures or obligations questioned is that for fees of the receiver, the settlement of that question is the settlement of a controversy in bankruptcy. The motion to dismiss will be denied.

■ We turn now to the merits of the case. The appellant does not question the amount of the receiver's fees fixed in the order, but attacks the power of the trial judge to re-

view the finding of the referee upon the amount of the compensation awarded the receiver. The evidence before the referee was also before the trial judge. There is no question of conflict of testimony involved and no question as to the services performed by the receiver. The only question involved is a matter of judgment as to the proper compensation to pay for services admittedly performed by the receiver. There is no merit in the contention that under these circumstances the award of the referee is conclusive upon the trial judge. Voltz v. Treadway & Marlatt (C. C. A.) 59 F.(2d) 643; Sternburg v. M. Cohen & Co. (C. C. A.) 254 F. 1; Ohio Valley Bank Co. v. Mack (C. C. A.) 163 F. 155, 24 L. R. A. (N. S.) 184. See, also, Hume v. Myers (C. C. A.) 242 F. 827.

Order affirmed.