## In re NATIONAL DEPARTMENT STORES, Inc. (two cases).

## In re TECH CORPORATION.
### No. 966.

District Court, D. Delaware.
May 28, 1935.

See, also, 8 F. Supp. 19.

Richards, Layton & Finger, of Wilmington, Del., for debtor.

Reuben Satterthwaite, Jr., of Wilmington, Del., for trustees.

Joseph M. Hartfield and Milton A. Kramer (of White & Case), both of New York City, for reorganization managers.

James Milholland (of Alter, Wright & Barron), of Pittsburgh, Pa., for Tech Corporation et al.

NIELDS, District Judge.

Petitions were filed asking payment of $270,100 fixed by the District Court for the Western District of Pennsylvania as allowances to the receivers of Tech Corporation and various attorneys, less certain payments made on account to two of the four receivers. Payment of such allowances is objected to on the ground that the amounts are unreasonable and excessive.

February 14, 1933, an involuntary petition in bankruptcy was filed against Tech Corporation in the Western District of Pennsylvania. No adjudication of bankruptcy was ever made in that proceeding, but .receivers were appointed in Pennsylvania who operated the business of Tech Corporation until February 28, 1935, a period of two years and two weeks. Thereafter the administration of the property of Tech Corporation has been in the Delaware district.

This court acquired jurisdiction of the matter in the following way: Tech Corporation is a wholly owned subsidiary of National Department Stores, Inc. June 12, 1934, National Department Stores, Inc. filed in this court its voluntary petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207). Trustees were appointed who have been administering its property. In this proceeding of the parent company, Tech Corporation also filed its voluntary petition for reorganization on June 13, 1934. It was not until February 26, 1935, that the voluntary petition of Tech Corporation was approved. Thereupon this court acquired exclusive jurisdiction of Tech Corporation and of its property wherever located for the purposes of section 77B. Two days later the Pennsylvania receivers transferred to Tech Corporation all the property in their possession pursuant to an order of the District Court in Pennsylvania. April 19, 1935, a plan for the reorganization of National Department Stores, Inc., and of its subsidiary, Tech Corporation, was approved by this court.

The matter in hand concerns the receivership of Tech Corporation in the Western District of Pennsylvania between February 14, 1932, and February 28, 1935. Petitions for the allowance of compensation to the receivers and various attorneys were filed in Pennsylvania and on May 6, 1935, after due notice hearings were held. Two days later the court appointing the receivers fixed the following allowances:

| | |
|---|---|
| Alter, Wright & Barron, Attorneys for the Receivers | $80,000 |
| Walter Rosenbaum, Receiver | 40,000 |
| D. P. Carey, Receiver | 40,000 |
| B. Neiman, Receiver | 62,500 |
| Fidelity Trust Company, Receiver | 40,000 |
| Weil, Christy & Weil, Sachs & Caplan and H. D. Hirsh, Attorneys for petitioning creditors in bankruptcy | 6,600 |
| Stonecipher & Ralston, attorneys for Tech Corporation | 500 |
| William A. Wilson, attorney for petitioning creditors under involuntary 77B petition | 500 |

Thereupon petitions for orders directing payment of the allowances were filed in this court under section 77B, subsection (i), of the Bankruptcy Act (11 USCA § 207 (i). Subsection (i) provides: "(i) If a receiver or trustee of all or any part of the property of a corporation has been appointed by a Federal, State, or Territorial court, whether before or after this amendatory Act takes effect [June 7, 1934 at 12 o'clock noon] a petition or answer may be filed under this section at any time thereafter by the corporation, or its creditors as provided in subdivision (a) of this section and if such petition or answer is approved, the trustee or trustees appointed under this section, or the debtor if no trustee is appointed, shall be entitled forthwith to possession of and vested with title to such property, *and the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee.*" (Italics supplied.)

At one time there was diversity of ruling respecting prior allowances to receivers. Numerous' courts, both state and federal, appointing receivers assumed the ‚right to fix and pay allowances to their receivers although bankruptcy intervened. The Supreme Court set at rest this conflict by ruling that "the jurisdiction of the bankruptcy court being paramount, the power of the state court to fix the compensation of its receivers and the fees of their counsel necessarily came to an end with the supervening bankruptcy. When the bankruptcy court acquired jurisdiction, the sole power to fix such compensation and fees passed to that court." Gross v. Irving Trust Co.,

289 U. S. 342, 53 S. Ct. 605, 607, 77 L. Ed. 1243, 90 A. L. R. 1215. Obviously, Congress in enacting subsection (i) intended to modify this rule by giving to the receivership jurisdiction power to fix allowances and to the bankruptcy court the duty to pay them.

If this court should fix again the allowances fixed in the Pennsylvania proceedings, it would be assuming appellate jurisdiction. Congress never intended that one District Court should exercise appellate jurisdiction over another District Court. Such review must be by the Circuit Court of Appeals.

Having in mind the size of the entire estate, the amount of cash available to the reorganized company, and the numerous other applications for allowances pending before this court, I question the reasonableness of the Pennsylvania allowances. I shall withhold entering an order directing payment until it shall appear whether appeals will be or have been taken from the orders of the Pennsylvania court fixing the allowances under consideration, and, if taken, until the disposition thereof.