In re COSMOPOLITAN BOND & MORTGAGE CO.*

PLANERT v. COSMOPOLITAN BOND & MORTGAGE CO. et al.

No. 5522.

Circuit Court of Appeals, Seventh Circuit.

Oct. 18, 1935.

Writ of certiorari denied 56 S. Ct. 382, 80 L. Ed. ——.

548

Meyer Abrams, of Chicago, Ill., for appellant.

Charles S. Macaulay, Harry H. Barnum, and Floyd E. Britton, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Appellant obtained a default decree for $6,687.50 in an Illinois state court, August 18, 1933, in a tort action predicated upon the fraudulent sale of bonds. The decree charged the debtor's assets with a lien for the aforementioned sum. Prior to the entry of the state court, decree, however, an involuntary petition in bankruptcy had been filed against the debtor, who fought an adjudication. An injunctional order was entered in the Federal court restraining appellant from proceeding against the property of the bankrupt. Later the District Court dissolved this injunction and directed the parties who initiated the bankruptcy proceeding to "speed" the case to a final conclusion. The debtor in said bankruptcy proceeding sought a reorganization under section 77B (Bankr. Act, 11 USCA § 207), and the matters were referred to a special master who reported that the application was filed in good faith and the other jurisdictional facts existed.

The court thereupon entered the order which appellant assails. This order denied appellant's motion to dismiss the bankruptcy proceedings for want of jurisdiction and for want of good faith and restrained appellant from proceeding against the debtor in the Circuit Court of Cook County or enforcing his claim out of the estate of the debtor.

We find in appellant's petition nothing which would justify the dismissal of the bankruptcy proceedings. If we concede for the moment, and for the purpose of the argument only, that the decree in the state court entered *after* the bankruptcy proceeding had been instituted was valid and adjudged appellant to be the holder of a claim which was not dischargeable in and through bankruptcy proceedings, nevertheless the institution of such state court action did not, and could not, prevent other creditors of the debtor from invoking the jurisdiction of a court of bankruptcy.

█ It is equally clear that the court did not err in refusing to vacate the injunctional order which restrained appellant from proceeding in the state court to enforce a lien against the debtor's property, acquired after the bankruptcy proceedings were begun. Upon the institution of the bankruptcy proceedings, the Federal court acquired jurisdiction of the estate of the bankrupt to the exclusion of the jurisdiction of all other courts. Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. It not only was within the power of the District Court to restrain proceedings such as appellant was prosecuting in the state court, but it was its clear duty so to do. Appellant seemingly misconceives the effect of the provision of the Bankruptcy Act (section 35, title 11 USCA) which provides that certain obligations of the bankrupt are not dischargeable by bankruptcy proceedings. This section does not prevent a court of bankruptcy from proceeding with the adjudication and the administration of the assets of the bankrupt. When such assets are all distributed among creditors, including appellant, this section permits the creditor with a valid, undischarged claim for the unpaid balance against the debtor to pursue said bankrupt in the future. Neither the existence of such a claim nor the attempted enforcement of it will operate to bar other creditors from taking proceedings under the Bankruptcy Act (11

USCA), and a court of bankruptcy should restrain all efforts of individual creditors to get an advantage over other creditors and also restrain action in other courts which, without its consent, is directed to efforts which interfere with the court of bankruptcy's jurisdiction.

In disposing of this case, we have avoided discussion of the validity of the state court decree entered after the bankruptcy proceedings were begun. It is sufficient to hold that the filing of the bankruptcy proceedings operated as a caveat to the world and no decree or order thereafter entered liening or attaching property of the bankrupt could stand as against the trustee in bankruptcy.

The decree is

Affirmed.