## UNION NAT. BANK et al. v. LEHMANN-HIGGINSON GROCER CO.

### No. 1352.

Circuit Court of Appeals, Tenth Circuit.

March 25, 1936.

J. D. Fair, Robert C. Foulston, E. L. Foulke, and Robert H. Nelson, all of Wichita, Kan., for appellants.

Willard Brooks, of Wichita, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

On September 19, 1935, Lehmann-Higginson Grocer Company filed a voluntary petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

It was alleged in the petition that the debtor is a corporation organized under the laws of Kansas, engaged in the wholesale grocery business, and that during the six months immediately prior to the filing of the petition, it had its principal office and its principal assets in Wichita, Kansas.

There was set forth in the petition a brief description of the debtor's assets, liabilities, capital stock and financial condition, showing it had a net worth of approximately $53,724.47.

It was further alleged that on March 21, 1935, George R. Bassett was appointed receiver of the debtor by the District Court of Sedgwick County, Kansas, to manage and operate the business of the debtor.

That Bassett duly qualified as such receiver and since the date of his appointment had been in charge of the debtor's business and had paid dividends on the claims of creditors, aggregating thirty per cent.

That debtor had been in business continuously since 1900 and had built up a valuable good will.

That a great number of the creditors of debtor had expressed the desire that the business be reorganized and that a reorganization of debtor was possible.

That debtor was unable to meet its debts as they matured and desired to effect a plan of reorganization.

And that the execution and filing of the petition had been duly authorized by a resolution of the debtor's board of directors.

A hearing was held on the petition on September 19, 1935.

Five creditors appeared and challenged the petition on the grounds it was not filed in good faith and a reorganization could not be effected because the requisite consent of the creditors could not be obtained. They also challenged the jurisdiction of the court on the ground of the pendency of the state court receivership.

On August 8, 1935, with the consent of the debtor an order was entered in the state court proceeding, directing the receiver to liquidate the debtor's business as rapidly as possible.

At the hearing, Edward Lehmann, President of the debtor, testified that after the above order was entered, many of the creditors came to him and suggested he attempt a reorganization of the debtor under section 77B of the Bankruptcy Act, and offered to assist him in so doing; that he had since been in communication with a large number of creditors and believed he could secure the requisite approval of creditors and effect a reorganization within ninety days.

At the conclusion of the hearing the following occurred:

"Mr. Fair: I have asked for an opportunity to bring evidence.

"The Court: * * * I will be in Wichita, and hear any evidence you care to present."

On September 19, 1935, the court entered an order in which it approved the petition, appointed Frank Dunn temporary trustee, prescribed the duties of the trustee, and fixed October 18, 1935 as the date for the hearing provided for in section 77B (c) (1), 11 USCA § 207 (c) (1).

On October 11, 1935, twelve alleged creditors filed motions to dismiss the petition setting up as grounds, that it was not filed in good faith, that a reorganization could not be effected, and that the court was without jurisdiction because of the pending state court receivership.

On October 11, 1935, Mr. Fair appeared for certain creditors. He offered in evidence an affidavit showing debtor had made a profit in only four years during the period from 1922 to 1934 inclusive.

He also offered certified copies of the pleadings and orders in the state court receivership and of the minutes of a special meeting of the board of directors of the debtor, held on March 21, 1935, consenting to the appointment of the receiver by the state court.

The trial court sustained objections to the introduction of the tendered evidence.

On October 14, 1935, the trial court granted an appeal from the order approving the petition, the order overruling the motion to dismiss the petition, and the order appointing the temporary trustee.

On October 18, 1935, this court granted an appeal from such orders. Twenty-two creditors originally joined in the appeals. Thirteen have since filed dismissals.

The appeal granted by this court from the order approving the petition should be dismissed. The appeals granted by the trial court from the order overruling the motion to dismiss the petition and the order appointing the trustee should be dismissed. Meyer v. Kenmore Granville Hotel Company, 56 S.Ct. 405, 80 L.Ed. —— (decided Feb. 3, 1936); Humphrey v. Bankers Mortgage Co. (C.C.A.10) 79 F.(2d) 345; Broders v. Lage (C.C.A.8) 25 F.(2d) 288; Credit Alliance Corp. v. Atlantic P. & G. R. Co. (C.A.8) 77 F.(2d) 595.

The challenge to the jurisdiction of the trial court was not well taken. While the receivership in its inception may have had for its object a conservation and reorganization of the debtor, after the order of August 8, 1935, it clearly contemplated speedy liquidation. This proceeding has for its purpose reorganization.

Furthermore, the jurisdiction in bankruptcy is paramount.

In Gross v. Irving Trust Co., 289 U.S. 342, 344, 53 S.Ct. 605, 606, 77 L.Ed. 1243, 90 A.L.R. 1215, the court said: "The fact that the jurisdiction of the bankruptcy court is paramount effectually distinguishes that class of cases which hold that as between courts of concurrent jurisdiction property already in the hands of a receiver of one of

them cannot rightfully be taken from him without that court's consent by a receiver subsequently appointed by the other court. In Buck v. Colbath, 3 Wall. 334, 341, 18 L. Ed. 257, the rule is stated to be that 'whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, *or some superior jurisdiction in the premises.*' And see Covell v. Heyman, 111 U.S. 176, 180, 4 S.Ct. 355, 28 L.Ed. 390. The present case falls within the italicized exception, since the jurisdiction of the bankruptcy court is paramount and not concurrent."

We are of the opinion that the allegations of the verified petition and the proofs produced justified the finding that the petition was filed in good faith.

This is confirmed by the fact, stipulated when the appeals were submitted, that creditors aggregating 85.71% in number and 74.15% in amount, have approved the proposed plan of reorganization.

The affidavit offered at the second hearing was not the best evidence of the facts therein stated and was properly rejected on that ground. The other evidence tendered at that hearing could not have affected the result and its rejection was not prejudicial.

Dismissal of appeals will be entered as above indicated and the orders will be affirmed.