## In re HOWARD LANIN MUSIC COR-PORATION.

### No. 19065.

District Court, E. D. Pennsylvania.

Feb. 9, 1937.

See, also, Haas v. Howard Lanin Music Co. (Pa.) 192 A. 257.

Levi, Mandel & Miller, of Philadelphia, Pa., for trustee.

Sundheim, Folz & Sundheim, of Philadelphia, Pa., for receivers.

DICKINSON, District Judge.

Leave was given to file supplemental briefs, which have been submitted.

The fact situation is simple. Receivers were appointed by a state court. As such, they received and disbursed moneys. Then bankruptcy intervened. The receivers were called upon by the state court to account. This they did. Incidentally, the bankruptcy creditors intervened and filed exceptions to the account, which were dismissed. An appeal was taken and is pending in the state courts. The trustee asked the referee for an order on the receivers appointed by the state court to file their account in the bankruptcy court. This order the referee refused to make. Hence the petition for review.

It may be interpolated here that the case does not raise the question of allowances to the state receivers for their compensation or that of their counsel. The state court found what moneys they had in hand and ordered them to pay it over to the trustee in bankruptcy, subject to such allowances as the bankruptcy court might grant them. Carried to its logical results, the position of the trustee is that the receivers must turn over to the bankruptcy court all their receipts undiminished by any disbursements made by them as receivers, with the right to ask the bankruptcy court to allow them a credit for their disbursements and to receive back the sum of the credits so far as thus allowed.

As a concrete illustration—and we use figures well within those of actual cases which have been before us—a receivership has been in existence for several years; the receivers have been authorized to continue the business of the receivership; they have received a sum of $400,000, and under the direction of the court have made administrative disbursements of $350,000, leaving a balance of $50,000 in their hands at the time bankruptcy intervened. The proposition is that the receivers must pay over to the trustee not the $50,000 they have in hand, but the $400,000 they had received and await the audit of their account by the bankruptcy court before they receive back the $350,000 they had prepaid.

We repeat that we are not speaking of a case in which the receivers seek to deduct from the $50,000 the compensation to which they think themselves entitled.

Trustees, who read the case of Gross v. Irving Trust Company, 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215, and other cases cited, as we have outlined their reading, misread the opinions in these cases.

The word "account" may in itself be misleading. Any one who has money or other property of the bankruptcy estate must in a real sense account for what he should turn over to the trustee. Receivers appointed by a state court are within this rule. The word "account" is also used, as it is used in this record, as a technical term. It means a step in the determination by a court of the sum owing by the accountant. Such an account may be rendered in an action of account; required in a proceeding in equity for an accounting or called for by the procedure in a common pleas or orphan's court of any fiduciary. Such an accounting is called for by the practice in receivership bills.

The receivers here have made such an accounting to the court of their appointment

and in obedience to the decree of that court have paid over the balance found to be in their hands to the trustee. This it was their clear duty to do. That court could have required this of them and enforced its commands through contempt proceedings. This was the orderly and appointed mode of procedure. This much is perfectly clear. It does not, however, meet the argument of the petitioners for this review. The question they raise is not what should be done in the state court, but what the bankruptcy court should do.

Counsel for the petitioners answer this by taking the position that the state receivers should be required to file their account in the bankruptcy court. This sends us to the beginning.

██ When the receivership bill was filed, the state court had jurisdiction to entertain it. Any other court had the like jurisdictional power. To avoid conflict, the courts apply the doctrine of comity. Under it when one court has taken possession of a rem, no other court will interfere. This rule does not, however, apply to bankruptcy courts. Their powers supersede those of other courts and title to any rem which is part of the bankruptcy assets vests in the trustee and relates back to the filing of the petition in bankruptcy.

Counsel supporting the review rely upon the case of Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. No ruling has been so much misinterpreted. It is referred to as revolutionary and as a radical departure from formerly accepted doctrines. All it rules is as above outlined. There is in it no departure from principles before accepted. It is not in conflict with In re Watts and Sachs, 190 U.S. 1, 23 S.Ct. 718, 47 L.Ed. 933.

██ Accepting the well-established doctrines of these cases, what have we? The trustee has by operation of law become the owner of all the bankruptcy assets. Where are they? He finds them physically in the possession of the state receivers, but their possession is that of the court of their appointment. The situation is not different from that of any case in which assets are in the hands of another court through its process. What can the trustee do? One thing he can do is to ask the court in control to award the assets to him. This he does precisely as in any case in which he seeks to avail himself of the benefit of pending litigation. The court, however, cannot award to him the assets without first determining what they are. This it can only do by requiring its receivers to account. This is what was done in the instant case.

We need not discuss what other remedies the trustee may have because this question is not presented further than to inquire whether the state receivers can be called upon to file an account in the bankruptcy court. This is a technical accounting and this the referee refused to order. In this we think he was clearly right. The receivers were not the appointees of the bankruptcy court and owe it no duty to account to it. Whatever claim the trustee has upon the receivers is against them as individuals precisely as in the case of any one who was in possession of bankruptcy assets.

The learned referee in a clearly expressed opinion has based his refusal to make the asked for order upon the ground of comity. In this he followed highly supported precedents. Both the justices of the Supreme Court and the judges of the Circuit Court of Appeals for our own Circuit have supplied him with precedents. What we rule is that his refusal of the order asked for is approved.

The petition for a review of the order of the referee is denied and the order made affirmed and confirmed.