## LIBERTY ROYALTIES CORP. et al. v. WATTS, Rec.

No. 29060.   Oct. 22, 1940.

*106 P. 2d 798.*

A. Francis Porta, of El Reno, and E. H. Gubser, Robert W. Raynolds, and O. L. Lupardus, all of Tulsa, for plaintiffs in error.

Yancey, Spillers & Bush, of Tulsa, for defendant in error.

OSBORN, J.  This is an appeal from the district court of Tulsa county which involves a question of whether or not said court has jurisdiction to fix compensation for a receiver after the filing of a petition in bankruptcy involving the same property over which the district court had exercised jurisdiction in the appointment of such receiver.

The Liberty Royalties Corporation, originally organized as the Garland Oil Company, was a Delaware corporation duly licensed to transact business in this state. Its principal place of business was Tulsa. It was engaged in buying, selling, and holding oil and gas royalties and other mineral rights. On June 12, 1931, one Julia M. Boswell, a stockholder, commenced an action in the district court of Tulsa county wherein she sought certain relief from alleged financial losses occasioned by what she alleged to be false and fraudulent representations concerning the value of the stock of the corporation, which representations had caused her to exchange certain shares of preferred stock in the corporation for other shares of common stock therein. She alleged mismanagement on the part of the officers of the corporation and urged the necessity for the immediate appointment of a receiver. On July 7, 1931, without determination of the main issues, M. H. Watts, of Tulsa, hereinafter referred to as defendant, was appointed as such

receiver and ordered to take into his possession and under his control all the property of the corporation and to collect, hold, and manage the assets of said corporation. It appears that the receiver had the continuous and uninterrupted control and possession of the assets of the corporation from the date of his appointment until May 5, 1938. On that day the corporation, by and through its officers and stockholders owning 90 per cent. of its stock, filed a petition in the United States District Court for the Northern District of Oklahoma, seeking relief under section 77-B of the National Bankruptcy Act, and on May 11, 1938, the petition was approved as properly filed.

On June 25, 1938, defendant Watts filed in the district court of Tulsa county an instrument designated "Tender of Resignation of Receiver and Application for Determination of Receiver's Fees." A hearing on said application was commenced on June 28, 1938. Defendant Watts filed a final report as receiver on July 8, 1938. On July 11, 1938, the court fixed the compensation of the receiver at $3,500 per annum, commencing with the day of his appointment, the total amount being $25,400, less any sums theretofore drawn as receiver's fees. The appellants, as stockholders of the Liberty Royalties Corporation, who will be hereinafter referred to as plaintiffs, prosecute this appeal. Their first proposition for reversal is as follows:

"A state court having jurisdiction of a corporation under an equity receivership loses the jurisdiction to fix and determine the compensation of the receiver when a petition for the reorganization of said corporation under the provisions of section 77-B of the National Bankruptcy Act is filed in and approved by the court having jurisdiction of such matters."

It is urged that the case of Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A.L.R. 1215, is controlling on this point. In that case it was held that a state chancery court is without power to fix the compensation of its receivers and their counsel after bankruptcy has supervened within four months of the filing of the bill of complaint in, and the appointment of receivers by, that court. An examination of the authorities cited in the annotation 90 A.L.R. 1217 discloses that there is a divergence of views on this point among the state courts, but the decision of the highest federal court on this point would be binding on us if said authority is in point. We point out that in the instant case bankruptcy did not supervene within four months of the appointment of the receiver by the state court. The rule applicable in the instant case was announced by the Circuit Court of Appeals of the 9th Circuit in the case of Hoover v. Mortgage Company for America, 290 Fed. 891, wherein it was held:

"Where a receiver was appointed by a court having jurisdiction six months before petitions for adjudication in bankruptcy were filed against the corporation owning the property, the court appointing the receiver had the right to keep its control over all the assets until the charges and allowances to its receiver were paid, in view of Bankruptcy Act, sec. 67f (Comp. St. sec. 9651), recognizing as valid a lien obtained more than four months prior to the filing of the petition in bankruptcy."

We quote further from the body of the opinion:

"It was nearly six months after the appointment of a receiver in Oregon that petitions for adjudications in bankruptcy were filed in the United States Court in Idaho. Under such circumstances, the district court in Oregon, having jurisdiction of the subject matter, or of the thing in litigation, had the right to keep its control over all assets until the charges and allowances were paid. In Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, the Supreme Court, in considering section 67f of the Bankruptcy Act (Comp. St., sec. 9651), held that, where a lien is obtained more than four months prior to the filing of a petition in bankruptcy, it is not only not to be deemed to be null and void, but its validity should be recognized. In Blair v. Brailey, 221 Fed. 1, 136 C.C.A. 524, it was held that,

by the appointment of a receiver and possession taken by the receiver of the property of the bankrupt, such action having been had more than four months prior to the bankruptcy, the court and the receiver acquired the custody and control of the property for the purposes sought to be accomplished by the suit, and the property so taken into the possession of the court is withdrawn from the jurisdiction of all other courts, though that court is not one of bankruptcy and although the property so in its possession is part of the estate of one who has been adjudged a bankrupt on a petition filed in a court of bankruptcy after the first-mentioned court's possession was acquired. The principle applicable was recognized, though conversely, in Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Griffin v. Lenhart (C. C. A.) 266 Fed. 671. * * *

"Questions pertaining to matters within the jurisdiction and discretion of the district court for Oregon were appropriately for the consideration of that court, and under the situation of the case it was for that court to make such allowances to the receiver as were fair, and to impress a lien if it saw fit to do so. Pac. R. Co. v. Ketchum, 101 U. S. 289, 296, 25 L. Ed. 932; Lion Bonding & Surety Co. v. Karatz, 43 Sup. Ct. 480, 67 L. Ed. —, decided April 23, 1923."

We have found no other case which deals with the exact question herein involved, but the views announced in the last-cited case seem to be in harmony with the authorities dealing generally with the jurisdiction of a state court in a case involving property over which a bankruptcy court subsequently assumes jurisdiction. See note 340 under title 11, U.S.C.A., sec. 107; Annotation 75 L. Ed. 1060; 6 Am. Jur. sec. 31, p. 535.

The plaintiffs' second proposition is as follows:

"A district court of the state of Oklahoma, in an equity receivership of a corporation, has no jurisdiction of assets of said corporation outside the state of Oklahoma and has no authority to award compensation to a receiver for services alleged to have been performed by him in connection with assets of the corporation outside the state of Okla-

homa, and outside the scope of his appointment."

In support of this proposition a number of authorities are cited to the effect that a receiver's power extends no further than that of the court appointing him, and cannot be asserted as a matter of right beyond the territorial jurisdiction of such court, or, as sometimes stated, that a receiver has no existence outside of the jurisdiction of his appointment. The conditions under which this rule is qualified and the exceptions to it are too numerous to mention here. See authorities collected in the following annotations: 78 L. Ed. 173; 29 A.L.R. 1495; 3 A.L.R. 262. See, also, O'Connell v. Smith (Mo. App.) 131 S. W. 2d 730; High on Receivers (4th Ed.) sec. 47; Smith on Receivership (2d Ed.) p. 165; 23 R.C.L., p. 142.

In the instant case our attention has been directed to no specific act of the receiver which was violative of his power and authority as such. No contention is made that the services performed or the expenses incurred while looking after the business interests of the corporation outside of the state were unnecessary. The trial court found that the receiver during the entire course of his receivership had conducted the business in a highly efficient manner.

It is the rule in this jurisdiction that the amount of compensation of receivers rests in the sound discretion of the court in which the proceedings are pending, and unless there has been an abuse of discretion the amount of compensation determined by the court will not be disturbed on appeal. Brann v. Harris, 173 Okla. 167, 42 P. 2d 876.

An examination of the voluminous record discloses that there was no abuse of discretion on the part of the trial court in fixing the compensation awarded to the receiver.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, HURST, DAVISON, and NEFF, JJ., concur. CORN, J., absent.