## In re BRADFORD LAUNDRY CO.

### No. 21364.

District Court, W. D. Pennsylvania.

Dec. 5, 1942.

Marsh, Spaeder, Baur & Marsh, of Erie, Pa., for Edith Freeman George.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for Bradford Laundry Co.

SCHOONMAKER, District Judge.

On November 10, 1942, the Bradford Laundry Company, a Pennsylvania corporation, filed a voluntary petition in bankruptcy, and thereupon was adjudged a bankrupt. The same day Edith Freeman George, executrix of the estate of James J. Freeman, deceased, the owner of 400 shares of the capital stock of the Bradford Laundry Company out of a total of 900 shares, appeared in court and moved to dismiss the voluntary petition and set aside the adjudication thereon.

This motion alleged that this court had heretofore in said action at No. 43 Civil Action, Erie, decreed the appointment of a receiver for said Bradford Laundry Company to conduct the business of said corporation and bring suit against Robert H. George and George V. Potts for losses that the corporation suffered through the purchase of unauthorized shares of stock of other corporations at the instance of George and Potts; that excessive salaries had been paid to said George and Potts as officers of said corporation; that said corporate action to authorize the filing of the voluntary petition in bankruptcy by the Bradford Laundry Company was effected entirely by Robert H. George and George V. Potts for the purpose of nullifying the decree of this court which authorized the appointment of the receiver for said corporation to proceed against said George and Potts, and to manage the affairs of the corporation until it is in a healthy financial status; and that to permit the adjudication in voluntary bankruptcy to stand would result in the commission of a fraud upon the plaintiff in said action at No. 43 Civil Action, Erie.

The Bradford Laundry Company, Robert H. George and George V. Potts as shareholders and directors have filed an answer to this motion, in which they aver that in conference between their counsel and counsel for Edith Freeman George, executrix, a settlement of the matters in controversy in said Civil Action at No. 43 Erie was proposed, by the terms of which Robert H. George and George V. Potts would pay to the Bradford Laundry Company the amount that the corporation had expended for all stocks purchased by it as referred to in said complaint, and would pay to the corporation the amount it had expended therefor, upon the corporation delivering to the said Robert H. George and George V. Potts the said stock so purchased; that then the parties would agree that the court should determine the question as to any excessive salaries paid to them, or either of them, and if any were so found, they would be bound by the decision of the court; that Edith Freeman George, the plaintiff, declined to accept the proposition, and demanded the appointment of a receiver; that thereafter the said George and Potts, in conference with their counsel, came to the conclusion, under the circumstances, the better course to pursue was for the corporation to file a voluntary petition in bankruptcy, because they were of the opinion that the appointment of a receiver to manage the affairs of the corporation, as authorized in said civil action, would result in bankruptcy. Thereupon corporate action was taken which resulted in the filing of the petition in bankruptcy in the instant case.

The first charge made by counsel for Edith George, executrix, was that no proper corporate action was taken by the Bradford Laundry Company under the Pennsylvania Business Corporation Law of 1933, 15 P.S.Pa. § 2852—1 et seq., to authorize the filing of a voluntary petition, because the stockholders of said corporation had not authorized the filing of the petition. Attached to the petition in bankruptcy is a copy of a resolution certified to have been adopted at a meeting of shareholders of the corporation on November 9, 1942, assenting to the filing of a voluntary petition in bankruptcy, and authorizing the officers of the corporation to execute the same. There is also attached a copy of the resolution of a meeting of the board of directors held November 9, 1942, which authorized and directed the officers of the company to file a voluntary petition in bankruptcy. Counsel for Edith Freeman George aver that due notice was not given to her of the directors' and stockholders' meetings held on November 9, 1942.

It appears that attached to the petition in voluntary bankruptcy in this case, is a copy of a telegram sent to Edith Freeman

George at Glendors, California, which reads as follows:

"Western Union

Bradford, Pa., Nov. 5, 1942

Mrs. Edith F. George
Box 328
Telephone Cornia 45-834
Glendora, California.

You are hereby notified that the regular meeting of the Directors of the Bradford Laundry Company will be held on Monday, November 9th, Nineteen forty-two at three o'clock P. M., and that a Special meeting of the shareholders of the said company has been called by the President to be held on the said date at two o'clock PM (Stop) That at the meeting of the Directors and at the meeting of the shareholders to be held on the said date the matter of this company filing a voluntary petition in bankruptcy will be considered and action taken thereupon.

Geo. V. Potts, Secy."

That attached thereto is an affidavit of George F. Potts that he sent this telegram to Edith Freeman George on November 5, 1942; that at the same time he sent a notice of the time, place and purpose of the said meetings to be held on November 9, 1942, which was deposited in the post office of Bradford, Pennsylvania, November 5, 1942, addressed to Edith Freeman George at Glendora, California, by air mail and special delivery.

■■ We are of the opinion that this corporation could legally be adjudged a bankrupt on its voluntary petition, regardless of whether or not it is actually insolvent. See Re Fox West Coast Theatres, 9 Cir., 88 F.2d 212, 217, certiorari denied 301 U.S. 710, 57 S.Ct. 944, 81 L.Ed. 1363; In re Foster Paint & Varnish Co., D.C., 210 F. 652; In re Yarbrough, D.C., 18 F.Supp. 359; U.S. Bankruptcy Act, 11 U.S.C.A. § 22. If the bankruptcy petition in this case was duly authorized, then jurisdiction of the bankruptcy court became paramount and exclusive, and no further proceedings can be had in the suit of Edith Freeman George v. Bradford Laundry Company at No. 43 Civil Action, Erie. See Gross v. Irving Trust Co., 289 U.S. 342, 344, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645.

■ We are unable to state from the present record whether or not the notice of the stockholders' meeting sent to Edith Freeman George was a proper compliance with the by-laws of the Bradford Laundry Company, as the by-laws are not before us. It seems to us on this phase of the case we shall have to have evidence as to whether or not due and proper notice was given of the stockholders' and directors' meetings which authorized the filing of the voluntary petition in bankruptcy. We, therefore, have set the case down for further hearing on the motion of Edith Freeman George, at Erie, Pennsylvania, on January 5, 1943, at which time we shall hear any evidence that may be offered by either party as to charges made in the motion filed by Edith Freeman George to vacate the adjudication and dismiss the voluntary petition in bankruptcy.