**MORGAN et al. v. GRASS FIBRE PULP & PAPER CORPORATION.**

(District Court, S. D. Florida. February 20, 1926. On Further Hearing, March 16, 1926.)

No. 336.

1. **Receivers ⬅151—Court held empowered to vacate order confirming master's report allowing complainant's solicitor's fees (rule 66).**

Court has power, at least during term, to vacate order, entered under rule 66, confirming special master's report allowing fees to complainant's solicitor, payable out of defendant's assets.

2. **Receivers ⬅154(2)—In receivership, creditor bringing fund into court is entitled to reasonable solicitor's fee, payable only out of such fund.**

In receivership, a creditor, who for himself and others brings fund into court, to be administered for benefit of all, is entitled to a reasonable solicitor's fee, payable only out of such fund.

3. **Receivers ⬅154(2)—Complainant, on final determination after discharge of receivers, of rights to escrow deposit representing a disputed claim, held not entitled to attorney's fees.**

Where, after appointment of temporary receiver at instance of three creditor complainants, settlement was made of claims of two creditors, with attorney's fees, and of the third, except for an amount in dispute, to cover which a deposit in escrow was made and receivers discharged, *held*, on final determination of true indebtedness due third complainant, he was not entitled to attorney's fees, since they would be payable only out of defendant's assets, rather than fund brought into court.

In Equity. Receivership proceeding by George B. Morgan and others against the Grass Fibre Pulp & Paper Corporation. On motion to vacate order confirming special master's report allowing counsel fees to solicitor for named complainant out of assets of defendant. Motion granted, and, on exceptions to master's report filed after granting of motion, exceptions sustained.

J. R. Bedgood, of Eustis, Fla., for complainants.

Roy P. Hamlin, of Tavares, Fla., and R. F. Maguire, of Orlando, Fla., for defendant.

CALL, District Judge. This cause comes on for hearing upon the motion to vacate the order made herein upon the 21st of January, 1926, confirming the special master's report filed December 29, 1925, allowing counsel fees to the solicitor for the complainant, to be paid out of the assets of defendant. The order attacked in the motion was entered pursuant to rule 66, the report having been filed in the clerk's office more than 20 days, without exceptions filed by either party.

[1] The first question to be decided is: "Has the court power to vacate such order of confirmation?" After reviewing the authorities, I think the court has such power, especially during the term at which the order is passed. No court would exercise this power in a case where the rights adjudicated by such order are recognized by law, except under exceptional circumstances. Such an order in such cases would be a futile exercise of power. In cases where the rights adjudicated in the order are doubtful, or not recognized by law, the court would vacate the order of confirmation. For these reasons I required the question whether the complainants' solicitor in this case would be entitled to receive counsel fees from the assets of the defendant to be argued on this motion; which was done, both orally and in briefs filed before me.

The record shows that the complainants on November 25, 1924, filed a bill in chancery in the name of three creditors of the defendant, praying for the appointment of a receiver to take possession of the assets of the defendant and preserve same, and for the liquidation of the corporation and the assets be applied to its indebtedness. Upon the hearing a temporary receiver was appointed, rule nisi issued, and day fixed for hearing on the application for a receiver. The days for such hearing were continued from time to time, until on March 31, 1925, the solicitors for the complainants and the defendant entered into and filed a stipulation in which the payment in full, together with counsel fees, for two of the three complainants, and payment, a sum to cover the admitted indebtedness, and the deposit in escrow of the difference between the amount claimed and the amount admitted was acknowledged; said escrow amount to await the final determination of the actual indebtedness. On the hearing upon said stipulation, an order was entered in which, among other things, it was ordered that said cause should proceed only for the purpose of determining the correct amount due the third complainant. On April 22, 1925, an order was entered approving the receiver's accounts and discharging him, and ordering him to deliver to the defendant all assets that had come into his possession by virtue of the receivership. Upon this day the receipt of the receiver and his attorney to the defendant, covering their fees, etc., incurred for the receivership, was filed.

[2, 3] It is the recognized law that, where one creditor, acting for himself and other creditors succeeds in bringing into court a fund to be administered for the satisfaction of his claim and the claims of other creditors of the like class, he is allowed a reasonable fee for his solicitor, to be paid out of such fund. But, as I understand the law, it is the fund which is applied to the satisfaction of the claims of creditors out of which this payment of counsel fees is allowed. This, I think, is clearly shown by the case of Huff et al. v. Bidwell et al., 195 F. 430, 15 C. C. A. 332, and this was on a general creditor's bill. The bill in the instant case was filed by three creditors for themselves, not for the class. It is true a prayer is for the liquidation of the corporation and an application of its assets to the payment of its debts; but it is extremely doubtful whether this prayer would have the effect of making this a creditors' bill. But, be that as it may, in the instant case, the debts due the complainants were paid by the defendant, and the disputed amount secured on March 31st. These payments were not made from any fund brought in and administered by the court. The petition for attorney fees was filed April 22d, some time after the order of March 31st, retaining the case only for the purpose of ascertaining the true indebtedness to the third complainant. Any allowance for counsel fees to be paid by the defendant would not be from any fund being administered by this court, but would be requiring the defendant to pay out of its assets the counsel for three creditors, who were asserting claims adverse to it. This, as I read the authorities, will not be done.

I am of opinion, therefore, that the motion to vacate the order of January 21, 1926, must be granted, for the reasons above stated. It will be so ordered.

### On Exceptions to Special Master's Report Filed after Vacating of Order Confirming Report.

This came on for further hearing upon the exceptions filed to the master's report, allowing attorney fees to the complainants' solicitor. A statement of the pleadings in the case will be found in the opinion filed February 20, 1926, on the motion to vacate the order of confirmation of said report, as well as my view of the law controlling the question of allowance of counsel fees to complainants' solicitor.

If I was correct in my views as therein stated, these exceptions to the allowance of counsel fees are well taken. This is a suit by three creditors only for the collection of the amounts due them, not a general creditors' bill for the benefit of all creditors who shall come in and contribute to the expense of the litigation. Other creditors might have petitioned to come in, had they seen fit, and subjected themselves to the payment of counsel fees, out of the claims allowed, but this was not done in the instant case. It is true a temporary receiver was appointed, who took possession of the books, papers, and visible property, consisting of plant, etc., of the defendant, and preserved the latter, the cost of which was paid by defendant under the stipulation noted in the former opinion.

It was proper that this cost should have been paid by the defendant. The bringing of this suit and the appointment of the temporary receiver might, and probably did, cause the settlement of outstanding claims against the corporation; but this fact does not authorize this court to assess counsel fees for complainants' solicitor against the defendant, to be paid out of its assets. The exceptions to the allowance of counsel fees for the complainants' solicitor will be sustained.

There are other exceptions to the action of the master in admitting testimony, etc., but these I have not considered, as those ruled on decide the matter.