## In re HOTEL CHARLES CO.

No. 57607.

District Court, D. Massachusetts.
July 26, 1935.

McClintock, Hoar & Houlihan, of Springfield, Mass., for Hotel Charles Co.

Donald M. Macauley, of Springfield, Mass., for city of Springfield.

BREWSTER, District Judge.

In the above matter the city of Springfield and its acting treasurer have petitioned this court for a modification of an outstanding injunction so as to permit the city, or its duly authorized official, to proceed in the land court of the commonwealth of Massachusetts to foreclose the tax title now held by the city upon property of debtor.

It appears that the aggregate amount of the taxes now due is about $100,000; that the assessors of the city have recently considered debtor's application for an abatement and have given an assessed value of over $600,000 upon the land and buildings. It is therefore apparent that a substantial equity would be sacrificed if all rights to redeem were cut off. This sacrifice is neither justifiable nor necessary.

If a reorganization under section 77B, Bankr. Act, 11 USCA § 207, cannot be effected within a reasonable time, the only fair alternative is liquidation in these proceedings or under earlier provisions of the Bankruptcy Act (11 USCA). In either event, adequate provisions will be made for the payment of such taxes as the bankruptcy court may find to be a proper charge upon the property of the debtor.

So long as the assets of the corporation are within the control of this court, no other course can be sanctioned. I am unable to discern any reason why this court should yield that control by allowing proceedings in a state court. It is suggested that the city will not press the foreclosure proceedings to a final decree without the consent of this court. Apart from the question whether the land court, having once taken jurisdiction, could recognize any limitations imposed by an order of the federal court, it seems futile to take any steps toward an end which it is the duty of this court to avoid, and which can easily be avoided, thus saving to other interests whatever may be

realized above taxes in the event of forced liquidation, if such extreme action becomes necessary.

The most that the city can well ask in the situation is that there shall be no unnecessary delay in perfecting a reorganization, or, if that fails, then in converting the assets into cash and satisfying, out of the proceeds, any valid claim of the city.

The city solicitor has cited in support of the petition In re Granada Hotel Corporation (D. C.) 9 F. Supp. 909; In re Murel Holding Corporation (C. C. A.) 75 F.(2d) 941 and In re Coney Island Hotel Corporation (C. C. A.) 76 F.(2d) 126. An examination of these cases reveals nothing inconsistent with the views above expressed. These cases dealt with proceedings in state courts to foreclose mortgages long delayed. Apparently there were little or no equities involved, but the proceedings would not inevitably have wiped out junior interests if the mortgaged property had a value substantially in excess of the incumbrance foreclosed. This distinction is obvious and controlling.

The petition is denied.