In re CLOISTERS BLDG. CORPORATION.*

ALLEN v. CLOISTERS BLDG. CORPORA-TION.

No. 5455.

Circuit Court of Appeals, Seventh Circuit.

Oct. 21, 1935.

Meyer Abrams, of Chicago, Ill., for appellant.

George B. McKibbin and Walter E. Beebe, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

The Cloisters Building Corporation is a corporation organized under the laws of Illinois and owns an apartment building in Chicago. On January 10, 1935, it filed its petition in the District Court for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207). Over appellant's objection the court found that the petition was sufficient under the Act, and had been filed in good faith. It accordingly approved the petition, and assumed ju-

*Writ of certiorari denied 56 S. Ct. 382, 80 L. Ed. ——.

risdiction of the debtor and all its property, and enjoined all creditors of the debtor and all other persons, firms and corporations from instituting or continuing any suits, actions or other legal proceedings against, or levying executions, attachments or garnishments upon, or otherwise intermeddling with, the debtor or any of its property and assets or the conduct of its business as authorized by the decree.

On January 11, 1935, appellant, who was and is the legal holder and owner of certain of the debtor's bonds in the sum of $3000, filed his petition to vacate the order and dissolve the injunction above referred to, and to dismiss the reorganization proceedings for want of jurisdiction, and because of fraud and bad faith.

On January 15, 1935, the court supplemented and amended the order of January 10, by providing that all assets and property of the debtor in the possession, custody and control of others, together with all funds then in the possession of the debtor or that might subsequently come into its hands, should be delivered into the possession of Earle A. Shilton of Chicago, upon his execution of a good and sufficient bond in the sum of $25,000. This order was made because the debtor was unable to tender a like bond for the same purposes as was required of it in the original order.

The court heard evidence on appellant's petition and denied its prayer on January 16, 1935. Thereupon, appellant prayed for an appeal to this court and it was granted by the District Court. Appellant made no request of this court, under section 24b of the Bankruptcy Act, 11 USCA § 47 (b), to review the orders of which he complains. Since the filing of briefs by both parties on the merits, appellee has filed its motion to dismiss the appeal for the reason that no application for appeal was made to and allowed by this court. It can not be seriously questioned that the court's action in finding that the petition for reorganization was sufficient and was filed in good faith was purely procedural, and the issuing of the restraining order was likewise procedural and was in support of the court's exclusive jurisdiction in the bankruptcy proceeding.

Appellant contends, however, that the District Court was without jurisdiction because of the alleged fraud set forth in his petition to vacate that court's orders hereinbefore referred to, and because of the Illinois state court's prior jurisdiction of an action instituted by appellant for relief against those alleged fraudulent acts.

Briefly stated, the facts upon which appellant's contentions are based are as follows: The debtor's title to the real estate is subject to the properly recorded lien of a trust deed dated September 7, 1927, under which the property was conveyed to the Straus Trust Company, as trustee, to secure first mortgage bonds in the amount of $1,275,000, and general mortgage bonds in the sum of $125,000, of which the respective sums of $1,246,000 and $65,000, with interest payable on and after March 1, 1933, remain unpaid. By reason of defaults, a foreclosure proceeding was filed in the Circuit Court of Cook County on February 16, 1933, by Melvin L. Straus as trustee, by succession, under the trust deed. A decree of foreclosure was entered on May 18, 1934, and the property was sold thereunder, on December 6, 1934, to the bondholders' committee for $250,000, but the sale was never confirmed by the court because the debtor was unable to furnish sufficient money with which to pay the expenses of the sale and the pro rata share of the sale price to the nondepositing bondholders. The foreclosure and sale were a part of a plan of reorganization in the state court, and in furtherance of that plan the debtor, subsequent to the sale, had executed its quitclaim deed for the property to Harold W. Schloss, a nominee of the bondholders' committee, constituted under a deposit agreement of October 10, 1932, who in turn agreed to reconvey the property to the new corporation contemplated by the plan, if consummated; or, if not consummated, he would revest the title in the debtor. The plan of reorganization having failed, the nominee conveyed the property to the debtor the day before the petition for reorganization was filed in the District Court.

In December, 1934, appellant filed his bill in Chancery in the Circuit Court of Cook County against the debtor and Melvin L. Straus, Sidney H. Kahn, Jay C. McCord, and George W. Rosseter, the latter three constituting the bondholders' committee. In his bill he charged fraud and misrepresentation in the sale of his bonds to him, and general and specific mismanagement and conduct with respect to the debtor's property, and he further charged that S. W. Straus and Company and its

696

agents made false reports to appellant and the other bondholders with respect to debtor's condition and management. He also charged that the bondholders' committee was constituted and appointed through the connivance and suggestion of S. W. Straus and Company.

 It is unnecessary to set forth the specific allegations of alleged fraud, but it is sufficient to say, for the purposes of this discussion, that we shall concede the truth of those allegations of fact with respect to the sale of bonds to appellant and with respect to the mismanagement of the company, and the alleged misrepresentations of its condition. If upon those allegations appellant had recovered a judgment for fraud against the debtor, even though it were a judgment from which the debtor could not be freed by a discharge in bankruptcy, yet that would not prevent other creditors from invoking the jurisdiction of a court of bankruptcy under section 77B. In re Cosmopolitan Bond & Mortgage Co. (Planert v. Cosmopolitan Bond & Mortgage Co.), 79 F.(2d) 547, decided by this court this term. The jurisdiction of a Federal Court of Bankruptcy is exclusive, and it supersedes the jurisdiction of the state court with respect to all the debtor's property. Subsection (a), § 77B of the Bankruptcy Act (11 USCA § 207 (a); Gross v. Irving Trust Company, 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. That jurisdiction can not be defeated by the fact that the state court has assumed jurisdiction of a suit for fraud against the debtor in which he is about to render, or even has rendered, a judgment which is not subject to discharge in bankruptcy.

 Appellant further insists that there was fraud practiced by the debtor on both the state and federal courts because of the alleged fact that the debtor had filed its petition in the federal court for a reorganization at a time when it had obtained a delay in the state court proceedings upon the promise that the proceedings there would remain in statu quo. Neither the record nor the findings of the court support this contention in point of fact.

Furthermore, we are not here confronted with a question of concurrent jurisdictions. When the debtor's proceeding under the Bankruptcy Act was instituted, the jurisdiction of the federal court became absolute and exclusive, and the duty resting upon it was imperative regardless of any prior promise of the debtor, and the issuance of the injunction was proper for the protection of its jurisdiction.

 Appellant also urges that the District Court erred in not granting him further time in which to file his answer and objections to the debtor's petition for reorganization. The court permitted appellant to present his objections forthwith, but refused to continue the cause for that purpose. They were then generally stated by appellant and were based upon the alleged fraud and jurisdictional facts which we have hereinbefore discussed. The objections were overruled and the orders complained of were entered. The next day the court permitted appellant to file his motion to vacate those orders and to dismiss the debtor's petition. A hearing was had thereon, at which evidence was presented in support of appellant's objections theretofore presented orally, and the motion was overruled. Further error was assigned in amending and confirming the order of January 10, 1935, which was done on January 16. In this there was no error. We find no error in any of these rulings.

 Further objection is urged that the court erred in holding that the debtor's petition was filed in good faith, and that the plan for reorganization which was presented in the state court was neither equitable nor feasible. It is sufficient to say that the proceedings in the District Court had not reached that point where any plan was under consideration. Moreover, any errors based upon the court's ruling as to the good faith of the petitioner, or as to the feasibility and equity of the plan, or as to the amount or number of the consenting creditors, can only be presented by an appeal granted by this court. Such an appeal was neither asked nor granted.

Decree affirmed.