## In re MICHIGAN BREWING CO.

## In re CONLON.
### No. 7532.

District Court, W. D. Michigan, S. D.

May 10, 1938.

Roger I. Wykes, of Grand Rapids, Mich., for debtor.

Linsey, Shivel, Phelps & Vander Wal, of Grand Rapids, Mich., for petitioning creditor.

Warner, Norcross & Judd, of Grand Rapids, Mich., for temporary trustee.

RAYMOND, District Judge.

This matter is before the court upon petition of Walter J. Conlon for amendment of the order entered March 17, 1938 approving debtor's petition and enjoining proceedings against debtor by so modifying the injunction as to permit Conlon's suit in the state court against debtor and other defendants to proceed to trial.

Petitioner commenced suit in the Kent Circuit Court December 22, 1937, against debtor and three other defendants to recover damages for violation of two sections of the Michigan Blue Sky Law, Comp.Laws Mich.1929, § 9769 et seq., it being alleged therein that false and fraudulent representations were made by the other defendants as agents of debtor in the sale of its stock, the amount of damages claimed being $35,000. On March 17, 1938, debtor filed its petition in this court for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On April 19th, the pending petition was filed.

Petitioner Conlon relies upon the cases of Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, and In re Adolf Gobel, Inc., 2 Cir., 89 F.2d 171, for his claim that denial of the prayer of the petition would constitute an abuse of the discretion which generally vests in courts of bankruptcy in the determination of issues which arise in proceedings relative to stay of commencement or continuation of suits in state courts. Careful examination of these cases convinces the court that the conclusions therein reached are based upon peculiar facts of the cases under consideration which are not present here. In both, it appeared to the satisfaction of the court that the petitioner would be denied substantial rights if leave to proceed in the state court were not granted. In the instant case, it appears to the court that to deny a stay of the pending proceedings in the state court would amount in substance to a denial of the right of the corporation, its stockholders and other creditors to the benefits of the provisions of section 77B of the Bankruptcy Act. At the date of filing

of debtor's petition, its balance sheet disclosed liabilities of a total amount of about $83,000 excluding the claim of Conlon. This claim amounts to $35,000. It is difficult to see how any plan of reorganization could be properly considered until after Conlon's claim is adjudicated. It is clearly a case in which adjudication of petitioner's claim must be accomplished with all due speed to avoid long postponement of action upon plans for reorganization. A denial of the pending petition will enable petitioner's claim to be promptly adjudicated under the direction and control of this court. Action in the state court might be long delayed by action or non-action of other defendants.

The only rights of which petitioner will be deprived by denial of his petition are the right to trial by jury and the opportunity to try the cases against the four defendants in one forum and at the same time. It is recognized that the policy of the courts should be toward protection and preservation of all possible rights of parties. Questions involving injunctions are frequently determined by the balancing of conflicting equities, or, as is sometimes stated, by "balancing of inconveniences". See Interstate Transit v. City of Detroit, Mich., 6 Cir., 46 F.2d 42. It must be observed that the bankruptcy court which acts as a court of equity ordinarily exercises exclusive control over all issues involved and that claims for debt or damages against bankrupt are ordinarily investigated by chancery methods wherein the principle is applied that the right of trial by jury considered as an absolute right does not extend to cases of equity jurisdiction. See Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672. The court finds nothing to support the contention that petitioner's cause of action in the state court is joint and not joint and several and that denial of the modification here asked would be denial of his right to proceed at all against the other defendants.

Upon careful consideration, it is the view of the court that the rights of which petitioner will be deprived by being required to present his claim in the bankruptcy court are not substantial when compared with the rights conferred by section 77B of the Bankruptcy Act upon all parties in interest to have prompt submission and determination of a plan of reorganization. See In re Cloisters Bldg. Corporation, 7 Cir., 79 F.2d 694; In re Hotel Charles Co.,

D.C., 12 F.Supp. 19; In re United Textile Print Works, Inc., D. C., 12 F.Supp. 851.

An order will therefore be entered denying the prayer of the petition.