BISHOP and COLLINS et al., Plaintiffs,

v.

MACON LUMBER COMPANY et al., Defendants.

No. 506.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Feb. 22, 1957.

N. F. Harper, Douglas Keen, Scottsville, Ky., Paul F. Bumpus, Nashville, Tenn., for plaintiffs.

Rodes K. Myers, Bowling Green, Ky., G. Duncan Milliken, Jr., Bowling Green Ky., for defendants.

Joe B. Orr, Bowling Green, Ky., for receiver.

SWINFORD, District Judge.

The case is before the court on the petition of three attorneys for the plaintiffs for allowances to be paid out of the funds received as proceeds from the sale of the property in receivership. The allowance is opposed by certain of the creditors and by the receiver. The petitioners base their right to the claim for attorneys' fees on Section 412.070, KRS.

I am of the opinion that this state statute has no application. I am further of the opinion that the petition for allowance in an amount to be fixed by the court should be sustained on the general equity powers of the court in cases of this character. It would serve no purpose to set forth in this memorandum an academic discussion of the

right of the court to make such an allowance out of funds in court. The matter has been well briefed and I have examined numerous authorities dealing with the question. From these authorities I think it clearly established that the federal courts of equity have jurisdiction to allow in proper cases reasonable attorneys' fees. One jointly interested with others in a common fund who brings and prosecutes a suit for its preservation and administration is entitled to reimbursement of his costs, including reasonable fees of his counsel, to be paid out of the fund itself. Trustees v. Greenough, 105 U.S. 527, 26 L. Ed. 1157; Central Railroad & Bkg. Co., v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Hobbs v. McLean, 117 U.S. 567, 6 S.Ct. 870, 29 L.Ed. 940; Central Trust Co. v. Ingersoll, 6 Cir., 87 F. 427; Muskegon Boiler Works v. Tennessee Valley I. & R. Co., D.C., 274 F. 836.

The principle on which such allowance is based is that the plaintiff represented the others for whom he sued; that it was established by a judgment that his action was proper and that his diligence in initiating the proceeding benefited all those who might have any claim to the proceeds derived from the assets resulting from a liquidation of the business. For a case covering this question in all its phases with abundant citation of authorities see Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233.

I am of the opinion that the facts in the case at bar make it one for the application of the rules and principles that govern courts of equity in awarding such allowances. The business in receivership was a lumber and milling company which had become heavily involved financially and had exhausted its credit. It has been established by a judgment of this court that the financial condition was brought about or materially contributed to, by bad management and ill will between the stockholders and operators. A petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was considered but no plan of reorganization was ever submitted. I recite these instances in the progress of this lawsuit as a vindication of the judgment exercised by the plaintiffs in bringing this action originally. My familiarity with the whole proceeding leads me to the conclusion that the fund in court was a direct result of the diligence of the plaintiffs and, had it not been for the action they took, the plant out of which these assets were realized would have continued to deteriorate and become increasingly less valuable.

■ In my opinion a court of equity should not hold that only stockholders of the preferred class of the plaintiffs should be taxed for these allowances as urged by the receiver. Very likely the creditors are the only claimants who will realize anything and there will be no fund to go to the preferred stockholders. Nonetheless, it was the action of the preferred stockholders that will enable the creditors to realize some portion of their claims. Morgan v. Grass Fibre Pulp & Paper Corp., D.C., 11 F.2d 431; General Finance Corp. v. New York State Rys., D.C., 3 F.Supp. 975; In re Gillaspie, D.C., 190 F. 88.

■ The next question to be determined is the amount to be allowed to these petitioners. They have done an enormous amount of work in this case. They have practiced it through the lower court and sustained the judgment in the Court of Appeals for the Sixth Circuit. Macon Lumber Co. v. Bishop and Collins, 229 F.2d 305. The fund is not large. The preferred stockholders will very likely lose all their investment. The creditors will realize but a fraction of their respective claims. The litigation has been long and tedious and is not yet concluded. It was necessary to appoint a special master to hear proof of and report on claims. This caused an additional expense. The receiver and his attorney have been diligent and shall, of course, receive an allowance. The cost of a reporter to take down and transcribe the record before the special master will be no small item. I suggest

these things as indicating something of the problem confronting the court in attempting to compensate those who have contributed to the administration of the estate.

It should be noted that there are three attorneys asking separate allowances for their respective fees. I do not think this fund should bear three times the cost of one good attorney. Any one of the three attorneys was capable of prosecuting this litigation. The fact that they each had two assistants should not be imposed as an additional burden upon this fund.

I am of the opinion that the petitioners, attorneys for the plaintiffs, should be allowed the sum of $5,000 for their fee in this litigation, this sum to cover their expenses. An order in conformity with this memorandum is this day entered.