**In re FORTY–EIGHT INSULATIONS, INC., Debtor.**

**Bankruptcy No. 85 B 5061.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 11, 1986.

See also 54 B.R. 905.

Terry John Malik, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for debtors.

Sarah M. Stegemoeller, Defrees and Fiske, Chicago, Ill., for the Committee.

Scott R. Clar, Asst. U.S. Trustee, Chicago, Ill., for trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter is before the Court on the debtor's application for appointment of a legal representative for future asbestos-related claimants. The United States Trustee for the Northern District of Illinois has submitted a memorandum in support of the debtor's application. The Official Committee of Asbestos-Related Claimants (the "Committee") has filed a memorandum in opposition to the motion. The Court having heard the parties and having reviewed the materials submitted, hereby grants the debtor's application.

## FACTS

Between 1923 and 1970, Forty-Eight Insulations, Inc. (hereinafter "debtor" or "Forty-Eight") manufactured products containing asbestos which were used in the Chicago area and elsewhere. With the onslaught of the asbestos-related litigation, Forty-Eight found itself a defendant in numerous lawsuits wherein the plaintiffs sought damages for asbestos-related injuries. Since 1974, approximately 26,000 asbestos-related claims have been filed against Forty-Eight.

As a result of the expense of defending itself in all the asbestos-related lawsuits and the magnitude of the potential liability, Forty-Eight filed a voluntary Chapter 11 petition on April 17, 1985. Since that time, the debtor has been operating as a debtor in possession. Forty-Eight has represented to the Court that its plan for reorganization will primarily be an orderly liquidation of its assets (fixed assets and insurance policies) and some sort of equitable distribution of the proceeds of the liquidation to the asbestos claimants.

In the motion before the Court, the debtor has requested the Court to appoint a legal representative for potential future claimants who have not yet manifested any asbestos-related injuries but who might in the future suffer from such injuries (hereafter referred to as "potential claimants").

The debtor estimates that there are at least 45,000 individuals who fall into this class of potential claimants.

The Committee argues in its memorandum that the Bankruptcy Court is without authority to appoint a legal representative for future unknown putative asbestos-related claimants since the potential claimants do not have a cognizable claim in bankruptcy under 11 U.S.C. § 101(4)(A)[1] nor are the potential claimants creditors within the meaning of 11 U.S.C. § 101(9)(A).[2] Although the Court is aware that the potential claimants do not have a claim against the debtor as defined in 11 U.S.C. § 101(4)(A) nor are they creditors of the debtor as defined in 11 U.S.C. § 101(9)(A), *See Schweitzer v. Consolidated Rail Corp.*, 758 F.2d 936 (3rd Cir.1985); *cert. den.* —— U.S. ——, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985), *In re UNR Industries*, 725 F.2d 1111, 1119 (7th Cir.1984); this is not fatal to the debtor's application.

The equitable powers bestowed on the bankruptcy court by 11 U.S.C. § 105(a) provides authority for the appointment of a legal representative for the potential claimants. Bankruptcy Courts must invoke their equitable powers to insure "that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

In the case at bar, the avowed purpose of the Chapter 11 proceeding, unchallenged by the Committee, is to liquidate all the assets of the debtor and provide for an equitable distribution to the asbestos-related claimants. A debtor's Chapter 11 plan may provide for the liquidation of the debtor's assets and distribution of the proceeds. 11 U.S.C. § 1123(b)(4). There is no discharge granted in such a situation. 11 U.S.C. § 1141(d)(3)(A).[3] At the conclusion of this Chapter 11 proceeding, there will be no reorganized entity nor any remaining assets. The potential claimants, however many there may be, will have no source to which to look for compensation for their injuries. If the potential claimants are not now afforded legal representation as to any claims they may have against the debtor, they will never have it. This Court holds that it would be highly inequitable to distribute the liquidated assets of the debtor to the currently known plaintiffs to the detriment of the potential claimants merely because the potential claimants have not yet manifested an injury.

The Committee argues that it would be a denial of due process to appoint in this proceeding a legal representative for the potential claimants without notice to them of such appointment. However, if the Court does not appoint a legal representative, the potential claimants will be forever barred from asserting or establishing their claims. At this point in time, appointment of a legal representative is the only means available to provide at least minimum representation for the potential claimants.

Strong support for this position is found in the Seventh Circuit Court of Appeals opinion in *In re UNR Industries, Inc.*, 725 F.2d 1111 (7th Cir.1984), wherein the Court stated in dicta:

> in bankruptcy granted to several debtors. Several years later, the newly-reorganized debtors were sued by former employees for asbestos-related injuries. The exposure to the asbestos had been pre-petition, but the injuries did not manifest themselves until after the debtors had reorganized and discharges entered. The Third Circuit held that the plaintiffs' causes of action had not been discharged in the prior bankruptcy proceedings. *Schweitzer*, 758 F.2d 936, 944 (3rd Cir.1985). Unlike *Schweitzer*, there will be no reorganized entity at the conclusion of this bankruptcy proceeding.

**1.** 11 U.S.C. § 101(4)(A) is as follows:
(4) "claim" means—
(A) right to payment, whether or not such right is reduced to judgment, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; ...

**2.** 11 U.S.C. § 101(9)(A) is as follows:
(9) "creditor" means—
(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; ...

**3.** In *Schweitzer, supra,* the Third Circuit was addressing the issue of the affect of a discharge

Even in states where exposed workers are not injured in a tort sense till the disease manifests itself, and therefore do not have an accrued tort claim in any sense, and even assuming that an unaccrued tort claim cannot be a "claim" within the meaning of 11 U.S.C. § 101(4)(A) (that is, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"), a bankruptcy court's equitable powers just might be broad enough to enable the court to make provision for future asbestosis claims against the bankrupt when it approves the final plan of reorganization. The date on which a person exposed to asbestos happens to develop a diagnosable case of asbestosis is arbitrary. Could it not be argued therefore that a bankruptcy court can and should use its equitable powers, which traditionally "have been invoked to the end that...substance will not give way to form, that technical considerations will not prevent substantial justice from being done," 308 U.S. at 305, 60 S.Ct. at 244 (especially, perhaps, in a reorganization case, see In re Michigan Brewing Co., 24 F.Supp. 430 (W.D.Mich.1938)), to prevent the liquidation or discharge of the bankrupt before provision is made for such persons? 725 F.2d at 1119.

Additional authority for the appointment of a legal representative is contained in 11 U.S.C. § 1109(b) which allows any party in interest to appear and be heard in a bankruptcy proceeding. Potential claimants have been found to be such parties in interest, In re UNR Industries, Inc., 46 B.R. 671 (Bankr.S.D.N.Y.1985); In re Johns Manville Corp., 36 B.R. 743 (Bankr.S.D. N.Y.1984), aff'd, 52 B.R. 940 (S.D.N.Y. 1985). Having classified the potential claimants as parties in interest, there is no doubt that they are entitled to legal representation.

The remaining issue before the Court is how to appoint the legal representative for the potential claimants. The Court will order that the U.S. Trustee select, in consultation with the debtor and the Committee, a qualified individual to serve as legal representative of the potential claimants. Once the parties have agreed on a legal representative, that person so chosen should apply to the Court who will by order approve the appointment of such legal representative after notice and a hearing. The legal representative will be compensated in accordance with 11 U.S.C. § 330. If the parties cannot agree on a legal representative within thirty days of the entry of this Order, the U.S. Trustee, the debtor and the Committee may submit their recommendations to the Court and the Court will make a decision as to whom to appoint after notice and a hearing.

THEREFORE, IT IS HEREBY ORDERED that the debtor's petition for appointment of a legal representative for future asbestos-related claimants is allowed.

IT IS FURTHER ORDERED that the U.S. Trustee is to select such a legal representative in accordance with the terms of the Memorandum Opinion and Order.